UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH BRADY,

                Plaintiff,

-against-                                    **COMPLAINT**

COUNTY OF ORANGE, Sherri CASSIDY, sued in
her individual capacity,

                Defendants.
------------------------------------------------------------X

08 CIV. 5369

JUDGE KARAS

By and through his counsel, Sussman & Watkins, plaintiff complains of defendants as follows:

## I. INTRODUCTION

1. Plaintiff Joseph Brady brings suit to redress the violation of his rights under the Age Discrimination in Employment Act (ADEA) and the United States Constitution.

## II. PARTIES

2. Plaintiff resides in the County of Orange, State of New York, within this judicial district.

3. Defendant County of Orange is a municipality organized pursuant to the laws of the State of New York. It may sue and be sued.

4. Defendant Sherri Cassidy is an assistant director of nursing employed by the County of Orange. She is sued in her individual capacity for actions taken under color of State law

## II. JURISDICTION

5. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. secs. 1331, 1343 (3) and (4) and 1367, 42 U.S.C. secs 1983 and 1988, and 29 U.S.C. §§ 621-634.

### III.   FACTUAL AVERMENTS

6. Plaintiff, Joseph Brady, is sixty-six (66) years old.

7. Plaintiff has been a nurse for several years with a spotless record.

8. On or about July 2, 2007, plaintiff commenced employment with Orange County as a per diem LPN (licensed practical nurse) at the Valley View nursing care and rehabilitation facility in Goshen, New York.

9. Before he was hired, plaintiff had applied twice, with follow up telephone calls, for a position at Valley View and was never contacted. As Valley View is in constant need of nurses, its failure to contact plaintiff was irregular.

10. Upon information and belief, Orange County did not contact plaintiff because his application revealed the year he graduated from High School, which in turn revealed his approximate age.

11. Plaintiff was only hired by defendant after his wife (who has worked at Valley View for several years) intervened on his behalf.

12. During his first three months as a LPN, plaintiff well-performed his job. As is typical, he committed a few minor medication documentation errors over this time.

13. However, while defendant's agents greatly exaggerated the nature of plaintiff's isolated and minor errors, it did not treat significantly younger LPNs who were otherwise similarly situated to plaintiff in the same manner.

14. In August 2007, at 6:00 a.m. in the morning, plaintiff received a telephone call from a night nursing supervisor in which she yelled at him, "You stole a pill." Plaintiff, who had been sleeping, advised that he had not stolen any pills and noted that it was highly unusual for the

supervisor to accuse him without even speaking with him about it first. In fact, plaintiff had not stolen any pills and the supervisor's accusation was completely unfounded.

15. On September 30, 2007, plaintiff was told not to return to work based on a minor medication error which he had documented that evening.

16. The next day, defendant Cassidy, assistant director of nursing at Valley View, advised plaintiff that she was taking him off the schedule, effectively terminating his employment.

17. Defendants terminated plaintiff, in substantial part, because of unlawful age bias in violation of the federal Age Discrimination in Employment Act (ADEA).

18. Defendants then referred plaintiff to New York State's Board of Health ("BOH"), baselessly accusing him of stealing drugs.

19. As a matter of course, this allegation was then referred to the New York State Office of Professional Discipline, which commenced an investigation.

20. When the State's investigator asked defendants for evidence that plaintiff had stolen drugs, they advised that they did not have any evidence.

21. Defendants' referral of plaintiff for allegedly stealing drugs was completely unfounded and highly irregular.

22. Defendants did not refer to the BOH similarly situated, younger LPN's who made as many or more minor medication errors as plaintiff.

23. Defendants' referral of plaintiff was motivated, in substantial part, by age bias against plaintiff.

24. After its investigation, the Office of Professional Discipline advised plaintiff that it

found he had committed three "minor and technical violations" for which it imposed no discipline.

25. Defendants' acts and omissions were intentional and willful and motivated, at least in substantial part, by plaintiff's age.

26. Defendants' baseless and outrageous referral of plaintiff to the BOH called into question his good name, reputation, honor and integrity.

27. As a result of the termination of his employment and defendants' false and malicious referral of plaintiff to BOH for "stealing drugs," plaintiff has suffered and continues to suffer pecuniary and non-pecuniary damages, including loss of pay, physical sickness and emotional distress.

28. Plaintiff has satisfied the administrative prerequisites for bringing suit under the ADEA by filing a charge of discrimination and receiving a Right to Sue Notice from the EEOC within 90 days of the commencement of this lawsuit.

29. Defendant County's acts and omissions, as described above, were taken pursuant to a policy or custom and/or included the personal involvement of officials with designated policymaking authority, and such policy or custom and/or personal involvement of officials with policymaking authority proximately caused the violation(s) of plaintiff's constitutionally protected rights.

### IV.  CAUSES OF ACTION

30. Plaintiff incorporates paras. 1-29 as if fully restated herein.

31. By dint of the foregoing, defendant County of Orange violated plaintiff's rights under the ADEA, 29 U.S.C. §§ 621-634.

32. By dint of the foregoing, defendant Cassidy violated plaintiff's right to be free from age discrimination under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, as made actionable by 42 U.S.C. § 1983.

33. By dint of the foregoing, defendants violated plaintiff's substantive due process rights under the Fourteenth Amendment of the U.S. Constitution, as made actionable by 42 U.S.C. § 1983.

V.   **PRAYER FOR RELIEF**

34. WHEREFORE, plaintiff prays that this Honorable Court:

(a) empanel a jury to hear and decide this matter;

(b) award to plaintiff compensatory damages, including damages for lost pay, physical sickness and emotional distress;

© award to plaintiff liquidated damages against County of Orange for its willful violation of the ADEA.

(d) award to plaintiff punitive damages against defendant Cassidy for her malicious and/or willful violation(s) of plaintiff's federally protected rights;

(e) order plaintiff reinstated or award him front pay;

(f) award to plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. section 1988 the ADEA,

and

(g) enter any other relief justified by the law and facts.

Dated: June 5, 2008
      Chester, New York

Respectfully submitted,

S/ _____
Christopher D. Watkins (CW 2240)
SUSSMAN & WATKINS
40 Park Place – PO Box 1005
Goshen, NY 10924
(845) 294-3991
Attorneys for Plaintiff