UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOSEPH BRADY,

                               Plaintiff,                        **ANSWER**

  -against-                                                     08 CIV. 5369

COUNTY OF ORANGE, SHERRI CASSIDY,
sued in her individual capacity,

                               Defendants.

----------------------------------------------------------------x

      Defendants County of Orange and Sherri Cassidy, in her individual capacity, (hereinafter jointly referred to as "Defendants"), by their attorneys, respond to the Complaint against them as follows:

      1.     Neither admit nor deny the allegations stated or contained in paragraph 1.

      2.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph 2.

      3.     Admit the allegations stated or contained in paragraph 3.

      4.     Admit that Sherri Cassidy is an assistant director of nursing employed by the County of Orange, but deny the remainder of the allegations stated or contained in paragraph 4.

      5.     Neither admit nor deny the allegations stated or contained in paragraph 5 as it calls for a conclusion of law and refer this matter of law to the Court.

      6.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph 6.

      7.     Deny the allegations stated or contained in paragraph 7.

8. Admit the allegations stated or contained in paragraph 8.

9. Deny the allegations as stated or contained in paragraphs 9, 10, and 11.

10. Deny the allegations stated or contained in paragraph 12 and further state that plaintiff committed many serious errors during his tenure as an LPN at Valley View.

11. Deny the allegations stated or contained in paragraphs 13 and 14.

12. Deny the allegations stated or contained in paragraph 15 but admit that plaintiff was not permitted to return to work at some point in 2007.

13. Deny the allegations as stated or contained in paragraph 16.

14. Deny the allegations stated or contained in paragraph 17.

15. Admit that certain incidents involving plaintiff were referred to the New York State Board of Health and the Office of Professions, but deny the remainder of the allegations as stated or contained in paragraphs 18 and 19.

16. Deny the allegations stated or contained in paragraphs 20, 21, 22, and 23.

17. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as stated or contained in paragraph 24.

18. Deny the allegations stated or contained in paragraphs 25, 26, and 27.

20. Deny the allegations stated or contained in paragraphs 28, but admit that Plaintiff filed a charge of discrimination with the EEOC and a letter entitled Dismissal and Notice of Rights dated May 18, 2008 was issued, and refer this Court to said documents as they constitute the best evidence of the contents contained therein.

21. Deny the allegations stated or contained in paragraph 29.

22. Repeat each and every response to each and every prior allegation made in paragraphs 1 through 29 as if fully set forth herein in response to the allegations stated in

paragraph 30 of the complaint.

23. Deny the allegations as stated or contained in paragraphs 31, 32 and 33 and refer all matters of law to this court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

24. Plaintiff is barred from pursuing his claims against the defendants because he has failed to state a cause of action upon which relief may be granted as against all named defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

25. Neither of the named defendants have taken any adverse action against plaintiff in violation of the Equal Protection clause of the Fourteenth Amendment as alleged.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

26. Defendant Sherri Cassidy acted within the scope of her discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known, thereby entitling her to qualified immunity from suit and damages.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

27. Defendants have not violated the ADEA because all employment actions taken against the plaintiff were based on reasonable factors other than age including but not limited to, plaintiff's incompetence, carelessness and violation of applicable rules and regulations.

**AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE**

28. Defendants have not violated plaintiff's substantive due process rights and have not engaged in any conduct which could remotely be described as outrageous or conscience-shocking.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

29. Defendant Sherri Cassidy acted within the scope of her discretionary authority and with a reasonable, good faith believe that her actions were lawful and proper, and acted without malice, recklessness, callousness or indifference and without intent to discriminate.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30. Defendant Sherri Cassidy was not personally involved in any alleged Constitutional violation or violation of the ADEA.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31. The County of Orange is not liable to plaintiff because plaintiff is unable to establish the existence of an unconstitutional municipal policy or practice imputed to the County that forms the basis for the actions complained of.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31. The defendants did not treat plaintiff any differently than other similarly-situated Valley View employees who committed errors, regardless of their age, and therefore defendants are not liable for an Equal Protection violation.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32. Defendants are not liable to plaintiff because his age was not a substantial motivating factor for any employment actions taken against him, as alleged.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

33. Defendants are not liable for punitive damages because at no time did they act maliciously, fraudulently or with an intent to harm plaintiff or deprive him of his legally protected rights.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

34. Defendants' damages, if any, are limited in that plaintiff has failed to mitigate damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35. Any damages for reduced earnings and/or compensatory damages alleged to have been sustained by plaintiff are due solely to plaintiff's own culpable conduct, negligence, actions and/or inactions.

**WHEREFORE,** defendants respectfully request that this matter be dismissed, that the Court grant the defendants costs and disbursements and for such other and further relief as this Court deems just and proper.

Dated: July 2, 2008
Goshen, New York

S/
_____
Laura Wong-Pan (LW8530)
Senior Assistant County Attorney
David L. Darwin (DD8340)
County Attorney for County of Orange
Attorneys for Defendants
255-275 Main Street
Goshen, New York 10924
(845) 291-3150

TO: Christopher D. Watkins, Esq.
Sussman & Watkins
Attorney for Plaintiff
40 Park Place
P.O. Box 1005
Goshen, NY 10924